IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NELSON THOMAS,

      Plaintiff,                                  No. CIV S-07-2285 JAM DAD P

     vs.

TOM DONAHUE, et al.,

      Defendants.                   <u>ORDER</u>

/

        On October 25, 2007, defendant Tom Donahue removed this action from state court asserting that this court has original jurisdiction under 28 U.S.C. § 1331 (federal question). Defendant requested that plaintiff's complaint be screened pursuant to 28 U.S.C. § 1915A and, under 42 U.S.C. § 1997e(g), waived his right to reply to the complaint at this time.

        Title 28 U.S.C. § 1441(a) provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In his complaint, plaintiff appears to claim that defendants have violated both his rights under the Eighth Amendment as well as court orders entered by federal court in class action lawsuits regarding medical care in California prisons . Because the complaint contains claims alleging a

1

violation of plaintiff's federal constitutional rights, defendant has properly removed this action from state court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to avoid dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

/////

2

plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his complaint, plaintiff alleges that defendants have engaged in "discrimination, medical dereliction of duty, violation of (ADA) Act, violation of the (Plata v. Davis) federal civil rights class action law-suit, violation of the (Armstrong v. Schwarzenegger) federal civil rights class action, violation of my (Eighth Amendment) right." Plaintiff requests $50,000 in compensatory damages and $5,000 in punitive damages.

1            The allegations in plaintiff's complaint are so vague and conclusory that the court
2    is unable to determine whether the current action is frivolous or fails to state a claim for relief.
3    The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
4    Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
5    the defendants and must allege facts that support the elements of the claim plainly and succinctly.
6    Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
7    with at least some degree of particularity overt acts which defendants engaged in that support his
8    claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
9    8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
10   amended complaint.

11           If plaintiff files an amended complaint, he is advised that all defendants must be
12   identified in the caption of his pleading, and all defendants must be named, with position and
13   place of employment, in the section of the form complaint designated for that purpose.  The only
14   defendant named in plaintiff's state complaint is defendant Donahue.  However, in the caption of
15   that complaint, plaintiff lists defendants as "Tom Donahue, et al.," and throughout the complaint
16   he refers generally to "all defendants."  In any amended complaint he elects to file, plaintiff must
17   clarify who he is seeking relief from.  The court cannot order service of a complaint on
18   defendants not actually named in an amended complaint.

19           In addition, plaintiff is advised that, in the section of the form complaint in which
20   the plaintiff is required to set forth a brief statement of the facts of the case, he must describe
21   how each defendant has deprived him of his constitutional rights.  There can be no liability under
22   42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
23   actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,
24   633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague
25   and conclusory allegations of official participation in civil rights violations are not sufficient.
26   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    If plaintiff elects to proceed with this action by filing an amended complaint, he is advised that the Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In addition, plaintiff is advised that to state a cognizable claim under Title II of the Americans with Disabilities Act he must "allege four elements: (1) he is an individual with a disability; (2) he was otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services ... or was otherwise discriminated against by the public entity; and (4) such exclusion, denial ... or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Finally, if plaintiff believes he has been discriminated against based on a disability status, he may be seeking to raise an equal protection claim. Plaintiff is cautioned, however, that equal protection applies only to classifications that impermissibly operate to disadvantage a suspect class or improperly interfere with an individual's exercise of a fundamental right. "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." Heller v. Doe, 509 U.S. 312, 319 (1993). Here, at the very least, plaintiff will need to allege that he was treated differently from similarly situated inmates in order to state a cognizable equal protection claim.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Although plaintiff is not responsible for paying the filing fee, which has been paid by the defendant who removed this action, the court will provide plaintiff with the opportunity to file an in forma pauperis application.[1]  If plaintiff demonstrates that he is entitled to in forma pauperis status, should the court determine upon screening of the amended complaint that plaintiff has stated colorable claims as to any unserved defendants, the United States Marshal would be directed to serve process upon any unserved defendant on plaintiff's behalf.  Otherwise, pursuant to Rule 4 of the Federal Rules of Civil Procedure, plaintiff will be required to complete service of process upon any unserved defendants himself.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' October 25, 2007 motion to screen the complaint is granted;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

/////

/////

---

[1] Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

6

1       4. If plaintiff elects to proceed in forma pauperis,` plaintiff shall submit within thirty days from the date of this order a properly completed application to proceed in forma pauperis on the form provided with this order; and

      5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action and the application to proceed in forma pauperis by a prisoner.

DATED: May 13, 2008.

                                           /s/ Dale A. Drozd
                                           DALE A. DROZD
                                           UNITED STATES MAGISTRATE JUDGE

DAD:9
thom2285.14

7