IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NELSON LOUIS THOMAS, | ) | |
| | ) | 2:07-CV-2285-RLH-VPC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| TOM DONAHUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Nelson Louis Thomas ("plaintiff") is a state prisoner proceeding *pro se*. On October 25, 2007, defendant Tom Donahue ("defendant") removed this action from state court (#2). Defendant requested that plaintiff's complaint be screened pursuant to 28 U.S.C. § 1915A (#4). The court dismissed plaintiff's complaint with leave to amend because the allegations were "so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief." (#8). Plaintiff was required to allege with some degree of particularity "overt acts which defendants engaged in that support his claims." *Id*. p. 4. The court noted that it believed plaintiff was attempting to raise claims alleging deliberate indifference to serious medical needs, violations of the Americans with Disabilities Act, and violations of equal protection under the Fourteenth Amendment, and advised plaintiff of the legal requirement of these causes of action. *Id*. p. 5. Plaintiff filed an amended complaint on June 19, 2008 (#9). In his amended complaint, plaintiff names as a defendant Tom Donahue, a senior medical technician assistant at Vacaville Medical Facility. *Id*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity 28 U.S.C. § 1915A(a). The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money

damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

Plaintiff claims that defendant Donahue was deliberately indifferent to his serious medical needs because he failed to respond to plaintiff's numerous requests for a new diet card; therefore, plaintiff was forced to eat a non-medical diet for almost two months (#9). Plaintiff alleges he filed a "602 complaint" against the medical department. *Id*. p. 5. On May 16, 2006, defendant interviewed plaintiff about this complaint and asked plaintiff whether he had received a new diet card. *Id*. Plaintiff states that he suffers from diabetes and kidney problems; therefore, a special diet is medically necessary. Plaintiff told defendant that he had not received a new card, and

defendant assured plaintiff that he was on his way to the diet office and would request a new diet card be sent to plaintiff that evening. *Id*. Plaintiff states that he received a temporary, ten-day diet card, which was only valid until May 26, 2006. *Id*. On May 29, 2006, plaintiff sent a request for interview request to defendant, informing him that plaintiff had not received his updated diet card, and that the temporary card had expired. *Id*. p. 6. Plaintiff claims that defendant never responded to this request, nor to subsequent request plaintiff sent him on June 8, 2006. *Id*. Plaintiff also claims that he made other attempt to get his diet card issued by writing to the dietician on June 27 and 30, 2006. *Id*. The dietician informed plaintiff that the "diet service did not have any current diet referral for" him, and to recheck with the doctor or outpatient dietitian on the status of his diet. *Id*. On July 6, 2006, plaintiff sent an outpatient dietitian request. *Id*. Plaintiff alleges that the dietitian, a Ms. Pinkerton, did not immediately reply to his request. *Id*. Plaintiff received a new diet card on July 12, 2006. *Id*. p. 7. Plaintiff argues that defendant's failure to issue a new diet card or reply to either of plaintiff's two requests was deliberately indifferent to his serious medical needs. *Id*. p. 8. Defendant "deliberately delayed plaintiff from receiving a medical treatment ordered by the attending physician and dietician for [plaintiff's] medical needs." *Id*. This delay will cause plaintiff to suffer long-term damage because he was forced to eat foods that are harmful to people with kidney problems and diabetes. *Id*. p. 9.

"[D]eliberate indifference to a prisoner's serious illness or injury" is a violation of the Eighth Amendment prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). In order to prove deliberate indifference, a plaintiff must show that the defendant denied, delayed, or intentionally interfered with medical treatment, or that the manner in which defendant provided medical care indicates deliberate indifference. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Mere negligence is not sufficient to prove deliberate indifference. *Id*. "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds in WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Plaintiff has alleged facts sufficient to overcome the screening standard. Plaintiff alleges that he has medical conditions of diabetes and kidney problems that must be controlled through a special diet. Plaintiff claims that he asked the defendant on three separate occasions to renew his diet card and that defendant never replied to these requests. Rather, it took plaintiff almost two months and numerous additional requests to other prison staff before he was able to obtain a new diet card. Plaintiff contends that defendant had the power and was obligated to issue a new diet card when plaintiff first requested it in May 2006. Plaintiff alleges that defendant's failure to respond was done to deliberately delay plaintiff's treatment and that defendant was "deliberately indifferent to the medical need that he himself granted at the First Level of [plaintiff's] complaint" (#9, p. 8). Because plaintiff claims that defendant deliberately ignored his requests for help over a period of almost two months, these allegations are sufficient to state a claim of an Eighth Amendment deliberate indifference claim.

**IT IS THEREFORE ORDERED** that:

1. Service of the complaint is appropriate for defendant Tom Donahue.
2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint filed June 19, 2008.
3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Three copies of the endorsed complaint filed June 19, 2008.

///
///
///
///

4. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

**IT IS SO ORDERED.**

**DATED:** April 30, 2009.

*Valerie P. Cooke*

_____
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT

                    FOR THE EASTERN DISTRICT OF CALIFORNIA

NELSON LOUIS THOMAS

    Plaintiff,                              No. 2:07-CV-2285 RLH- VPC

  vs.

TOM DONAHUE, et al.,                          <u>NOTICE OF SUBMISSION</u>

    Defendants.                             <u>OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      ____    completed summons form

      ____    completed USM-285 forms

      ____    copies of the _____
                         Complaint/Amended Complaint

DATED:

                                                                                        Plaintiff