UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA


NELSON LOUIS THOUMAS,

        Plaintiff,                        2:07-CV-2285-RLH (VPC)

vs.                                       **MINUTES OF THE COURT**

TOM DONAHUE, *et al.*,                 Date:  July 27, 2009

        Defendants.
_____/

PRESENT:
THE HONORABLE   VALERIE P. COOKE  , UNITED STATES MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN           REPORTER:   NONE APPEARING

COUNSEL FOR PLAINTIFF:    NONE APPEARING

COUNSEL FOR DEFENDANTS:    NONE APPEARING

MINUTE ORDER IN CHAMBERS:    XXX

      This is a civil rights action brought by *pro se* prisoner plaintiff Nelson Louis Thomas. Plaintiff has moved for appointment of counsel (#14).

      A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. The court exercises discretion in making this finding.

The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison. Moreover, none of the issues in this case appears to be particularly complex.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (#14) is **DENIED**.

              VICTORIA C. MINOR, CLERK


         By:  /s/
             Deputy Clerk